United States District Court
Southern District of Texas
**ENTERED**
November 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE KIRBY INLAND MARINE, LP | § CIVIL ACTION NO.<br>§ 4:19-cv-03504<br>§<br>§ JUDGE CHARLES ESKRIDGE<br>§<br>§<br>§ |

### MEMORANDUM AND ORDER

This case involves a tragic boating accident, a limitation action by Petitioner Kirby Inland Marine, LP and an underlying claim in state court filed by Claimants Aida Limones, individually, and as legal representative of the estate of Jose Limones, and as next friend of her minor children, G.L., G.L., and J.L.; Roberto Ochoa, Sr., individually, and as legal representative of the estate of Sandra Ochoa, and as next friend of his minor daughter K.O.; Janette Lopez; Roberto Ochoa, Jr.; Nathan Garza; Maria Sanchez; and Irma Gonzalez.

Claimants filed a complaint against Kirby in Texas state court asserting claims of negligence and gross negligence. Dkt 21 at 3. Kirby initiated this limitation action in federal court, and the action in state court was stayed. Dkt 1; Dkt 9. That stay was subsequently lifted by order. Dkt 19. Claimants concurrently filed a stipulation made part of that order. Dkt 19-1.

Claimants now move to stay this limitation action while their suit in state court proceeds. Dkt 21 at 3–4. Kirby argues that this case should be allowed to proceed "in tandem with the state court action." Dkt 22 at 1.

The stipulation prevents the proceeding in state court from having any possible effect on Kirby's claim in this Court for exoneration or limitation of liability. See Dkt 19-1; see also *Texaco, Inc v Williams*, 47 F3d 765, 767–68 (5th Cir 1995). Specifically, Claimants have stipulated that:

- o This Court reserves exclusive jurisdiction over the limitation-of-liability proceeding;
- o Claimants will not pursue a judgment or ruling on matters relating to Kirby's entitlement to limitation outside of this limitation action;
- o Claimants waive any claims of *res judicata* relevant to the issue of limitation of liability; and
- o Claimants will not seek to enforce any excess judgment or recovery insofar as it will expose Kirby to liability exceeding the appraised amount of the subject vessel (and its pending freight and flotilla, if any) pending this Court's adjudication of the right to limitation of liability to the value of the vessel and any flotilla and pending freight.

Dkt 19-1 at 1–3.

This accords with the disposition in *Brown Water Marine Service, Inc v Alvarado*, 2012 WL 2994459 (SD Tex). Judge Costa there determined, "The right to limitation will be adequately protected in this case if this Court stays the limitation action 'so that it [can] act if the state court proceedings jeopardize[ ] the vessel owner's rights under the Limitation Act.'" Ibid at *2, citing *Lewis v Lewis & Clark Marine*, Inc, 531 US 438, 454 (2001). As there, Claimants here must not litigate the limitation issue in state court. But so long as they don't, they should be allowed to litigate their injury claims in that forum. Ibid; see also *In the matter of Traylor Bros, Inc*, 2008 WL 11391097, *3 (SD Tex).

Kirby doesn't dispute that the stipulation submitted by Claimants follow Fifth Circuit precedent and adequately protect its absolute right to limit liability. It instead argues that it will be prejudiced if the limitation proceeding is stayed until after resolution of the claims in state court. Dkt 22 at 4. But the source of such alleged prejudice is unclear. No matter what happens in state court, Kirby will not be forced to pay Claimants more than "the value of the vessel and its flotilla and pending freight." Dkt 19-1 at 2. And this Court may still limit Kirby's liability no matter the outcome in state court. Ibid. Kirby isn't harmed by waiting to resolve its claim for exoneration or limited liability until after resolution of the claims in state court.

2

The motion by Claimants to stay this action pending resolution of proceedings in state court is GRANTED. Dkt 21.

This limitation proceeding is STAYED and administratively closed, pending resolution of the Claimants' proceeding in state court.

Kirby may apply to dissolve this stay with sufficient showing that an adverse judgment has been rendered against it in favor of Claimants in state court or that its right to limitation of liability has been otherwise jeopardized.

SO ORDERED.

Signed on November 20, 2020, at Houston, Texas.

*[signature]*

Hon. Charles Eskridge
United States District Judge